249 So.2d 414 (1971)
Johnny Lee CURRY
v.
STATE of Mississippi.
No. 46343.
Supreme Court of Mississippi.
May 24, 1971.
Rehearing Denied June 28, 1971.
*415 R. Jess Brown, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Velia Ann Mayer, Special Asst. Atty. Gen., Jackson, for appellee.
ETHRIDGE, Chief Justice:
Johnny Lee Curry, appellant, was convicted in the Circuit Court of Forrest County of the offense of possession of marijuana. This appeal involves questions concerning validity of an arrest, the search of Curry's automobile, and sufficiency of the evidence to show possession.
Lt. Roberson of the Hattiesburg Police Department (Narcotics Division) testified that on January 28, 1970, he received a complaint from a Mr. Rutland that he had been the victim of a pigeon-drop swindle, a form of larceny. He gave police a description of the man who had taken his money: a Negro male, stocky build, five feet, seven inches tall, in his mid thirties, dark complected, weighing about 180 pounds, wearing a long black leather jacket, and driving a blue automobile. The next day the police received a telephone call from a Mr. French, who owned a package liquor store, that a man fitting the description of the one who had victimized Rutland had attempted to pigeon-drop a customer at his store. He told the police that the man was driving a blue Mercury with a Texas license tag, and was traveling with two white males and a white female. On January 30, around eleven a.m., Lt. Roberson and a fellow officer were cruising the city, with this personal knowledge and notice from official police radio bulletins concerning the suspect. They saw the Mercury and passed it going in the opposite direction at a slow speed. They saw Curry and the other occupants and observed their conformity with both the personal information which they had and the notices from the official police radio. They passed the automobile, turned and followed it. Roberson saw Curry look at them, say something to the driver, and reach down as if to put something under the seat. They then stopped the car which was owned by Curry but was being driven by Castor. The officers arrested Curry on a charge of pigeon-dropping. Roberson and his fellow officer first "patted down" the suspects and took them and the car to police headquarters. In Curry's presence, Roberson searched the car as soon as it was parked. He found a matchbox containing marijuana under the dashboard and a package of marijuana under the accelerator.
There was ample probable cause to support appellant's arrest. An officer may arrest a person without a warrant when a felony has been committed and he has reasonable grounds to believe that the person proposed to be arrested committed it. Here probable cause existed both because of the personal information which Lt. Roberson had obtained from Rutland and French, and also his knowledge from official police radio bulletins concerning Curry. Miss. Code 1942 Ann. § 2470 (Supp. 1970); Dunning v. State, 251 Miss. 766, 171 So.2d 315 (1965); Fuqua v. State, 246 Miss. 191, 145 So.2d 152 (1962), cert. denied, 372 U.S. 709, 83 S.Ct. 1018, 10 L.Ed.2d 125 (1963).
The search of the automobile in appellant's presence was reasonable and lawful. It was made immediately after the two officers brought the four arrestees to *416 the police parking lot. Although it might not be justified as a search incident to an arrest, there was probable cause to arrest appellant and the other occupants of the car and "just as obviously was there probable cause to search the car * * *" Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Dorsey v. State, 243 So.2d 550 (Miss. 1971); Jackson v. State, 243 So.2d 396 (Miss. 1970); Gordon v. State, 222 So.2d 141 (Miss. 1969); Fisher, Search and Seizure 220-225 (1970).
The evidence was sufficient to support the jury's finding that Curry was in possession of the marijuana. The automobile belonged to him. He had made the entire trip from Texas to Hattiesburg with its other three occupants. Although the automobile was being driven by Castor, Curry was in the front passenger seat, in close proximity to the places where the matchbox and the aluminum package of marijuana were found. The arresting officers saw Curry make a suspicious downward motion after he observed them and saw that they were about to stop him. Moreover, the testimony of Rosa Lee Moody, a witness for the state, was alternately to the effect that defendant told her the marijuana was his or that he owned the car but not the marijuana. The jury could evaluate this testimony.
What constitutes a sufficient external relationship between the defendant and the narcotic property to complete the concept of "possession" is a question which is not susceptible of a specific rule. However, there must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subject to his dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances. In the instant case, all of the circumstances and these criteria were sufficient to warrant the jury in finding that appellant was in possession of the marijuana. Annot., 91 A.L.R.2d 810 (1963); 25 Am.Jur.2d, Drugs, Narcotics and Poisons § 45 (1966); Cf. Boyd v. State, 204 So.2d 165, 173 (Miss. 1967).
Affirmed.
RODGERS, BRADY, PATTERSON and SMITH, JJ., concur.