GRIFFIS, J.,
for the Court.
¶ 1. On June 10, 2002, an informant purchased $60 worth of cocaine from Lionel Omar Williams at a local motel room in Natchez, Mississippi. After agreeing to the sale, Williams instructed the informant to wait in the motel room while he went to get the drugs. Upon his return, Williams exchanged the drugs for money. After the transaction took place, officers from the City of Natchez and the Adams County Sheriffs Department raided the motel room and arrested Williams. Williams then informed the officers of an additional stash of drugs hidden nearby. The officers searched the area and found an additional twenty grams of cocaine.
¶2. Williams was indicted by a grand jury for selling approximately 0.6 grams of cocaine and possessing approximately twenty grams of cocaine, in violation of Mississippi Code Annotated Section 41-29-139 (Rev.2001). A jury trial was held and Williams was found guilty of Count I (sale of cocaine) and Count II (possession of cocaine). Williams was sentenced to serve a term of twenty years for Count I and twenty years for Count II, with the sentences to run concurrent with each other but consecutive with a previous sentence. Williams was also ordered to pay all court costs.
¶ 3. On appeal, Williams argues that: (1) the trial court erred in sustaining the State’s peremptory challenges, (2) his conviction of possession of cocaine was not supported by the evidence, and (3) the trial judge erred in denying his motion for a directed verdict. We find no error and affirm.
ANALYSIS

I. Did the trial court err in sustaining the State’s peremptory challenges?

¶4. Williams contends the trial court erred in sustaining the State’s peremptory challenges. Under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), a challenge to a peremptory strike requires a three-step process. First, the defendant must establish *754 a prima facie case that race was the criteria for the exercise of the peremptory-challenge. Id. at 96, 106 S.Ct. 1712. To do this, the defendant must show: (1) that he is a member of a “cognizable racial group,” (2) that the prosecutor has exercised peremptory challenges toward the elimination of veniremen of his race, and (3) that facts and circumstances raised an inference that the prosecutor used his peremptory challenges for the purpose of striking minorities. Id. Second, should a defendant make such a showing, the striking party then has the burden to state a racially neutral explanation for the challenging strike. Id. at 97, 106 S.Ct. 1712. If a racially neutral reason is offered, the defendant may rebut the explanation. Id. Finally, the trial court must make the finding of fact to determine if the defendant has proved purposeful discrimination. Id. at 98, 106 S.Ct. 1712. If the defendant makes no rebuttal, the trial judge may base his decision only on the reasons given by the State. Coleman v. State, 697 So.2d 777, 786 (Miss.1997).
¶ 5. This Court gives great deference to the trial court’s findings of whether or not a peremptory challenge was race-neutral. Manning v. State, 765 So.2d 516, 519(¶ 8) (Miss.2000). Such deference is necessary because finding that a striking party engaged in discrimination is largely a factual finding and thus should be accorded appropriate deference on appeal. Id. Indeed, we will not overrule a trial court on a Batson ruling unless the record indicates that the ruling was clearly erroneous or against the overwhelming weight of the evidence. Id.
¶ 6. During voir dire, the State exercised one of its peremptory challenges against an African-American venireman. Defense counsel objected based on Batson and argued that a prima facie case that race was the criteria for the State’s challenge had been shown. Williams was a member of a cognizable racial group and several members of his race had been excluded as veniremen. Williams maintained that those facts created an inference that the State used its peremptory challenges to strike African-Americans. In response, the prosecutor explained that a defendant with the same last name as the venireman had recently been indicted on armed robbery and for this reason the State had exercised one of its peremptory challenges. The trial judge considered the State’s explanation of the strike and found it to be racially neutral. The trial judge explained that the last name was an “unusual name” and “were this a common name, that might be a different situation.” We place our trust in trial judges to determine whether or not a discriminatory motive underlies the prosecutor’s articulated reason. Lockett v. State, 517 So.2d 1346, 1352 (Miss.1987). The defense did not offer any evidence or argument to rebut the State’s race-neutral explanation. We find no error in the trial judge’s decision to sustain the State’s peremptory challenge.

II. Was Williams’ conviction of possession of cocaine supported by the evidence?

¶ 7. Williams contends that he did not have actual or constructive possession of cocaine. A defendant does not have to be in actual physical possession of the drug. In Curry v. State, 249 So.2d 414, 416 (Miss.1971), the supreme court determined that to support a possession conviction based upon constructive possession “there must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it.”
¶ 8. The informant testified that Williams told her to wait while he went *755 “up the hill by the shed to get the drugs.” Williams returned with the bags of cocaine. Additionally, the informant described Williams’ clothing as she watched him leave to retrieve the drugs. This description accurately matched the description offered by Major Mayfield, who was in charge of the surveillance team. Furthermore, Major Mayfield testified that Williams was observed going towards the area where the drugs were found. This Court will not set aside the jury’s decision “where there is substantial and believable evidence supporting the verdict.” Billiot v. State, 454 So.2d 445, 463 (Miss.1984). Here, we find there was substantial evidence to support the jury’s conviction of possession of cocaine.

III. Did the trial court err in denying Williams’ motion for a directed verdict?

¶ 9. Williams claims the trial court erred in denying his motion for a directed verdict. Requests for a directed verdict implicate the sufficiency of the evidence. Franklin v. State, 676 So.2d 287, 288 (Miss.1996). The standard of review for legal sufficiency of the evidence is well-settled: we must consider all evidence in the light most favorable to the verdict. The credible evidence which is consistent with the guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. We may reverse only where the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty. Id.
¶ 10. Williams argues the State failed to prove beyond a reasonable doubt that he sold cocaine to the informant. Williams points to the fact that the informant herself was a drug user and would do anything to get out of trouble. However, the informant testified that she agreed to cooperate with the police and was not threatened by the police. It is the jury’s function to accept the testimony of some witnesses and not others. Gathright v. State, 380 So.2d 1276, 1278 (Miss.1980). The jury was free to evaluate the informant’s testimony and assign to it any or no credibility. We find that there was enough evidence to support the jury’s verdict that Williams was guilty of the sale and possession of cocaine. Therefore, the trial court was correct in denying Williams’ motion for a directed verdict.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF ADAMS COUNTY OF CONVICTION OF COUNT I, SALE OF COCAINE, AND COUNT II, POSSESSION OF COCAINE, MORE THAN 10 GRAMS BUT LESS THAN 30 GRAMS, AND SENTENCE OF TWENTY YEARS FOR COUNT I AND TWENTY YEARS FOR COUNT II IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, SAID SENTENCES TO RUN CONCURRENT WITH EACH OTHER, BUT CONSECUTIVE TO THE SENTENCE PREVIOUSLY IMPOSED IN CAUSE NUMBER 02-KR-0248, AND ORDER TO PAY ALL COURT COSTS IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J, BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ. CONCUR.