MYERS, P.J.,
for the Court.
¶ 1. Willie Coffey, Jr. was convicted in the Grenada County Circuit Court of possession of a firearm by a felon and given a three-year sentence in the custody of the Mississippi Department of Corrections. From that conviction and sentence Coffey appeals arguing that there was not sufficient evidence to establish possession of a weapon by a felon. Finding no error, we affirm.
FACTS
¶ 2. Willie Coffey, Jr. was tried before a Grenada County Circuit Court jury on a two count indictment. Count one was for trafficking in stolen firearms and count two was for possession of a firearm by a felon. Coffey was found not guilty on count one and convicted on count two.
¶ 3. Detective Donald King testified at trial that he was investigating the theft of firearms from the home of Roy Phillips. During the course of that investigation King obtained a confession from Chelsea Browning that she had stolen the firearms from Phillips and exchanged them with Coffey for cocaine. From this information King obtained a search warrant for Coffey’s mother’s house.
¶ 4. King, along with other officers, searched Coffey’s mother’s house for firearms and cocaine. While searching the house Coffey’s mother indicated which bedroom was Coffey’s. During the search a .22 automatic pistol was found under the mattress. Coffey shared this bedroom with his nephew, Charles Coffey, age sixteen. Upon finding this pistol in Coffey’s room, Willie Coffey was placed under arrest.
¶ 5. At trial Browning testified that she was addicted to cocaine and had stolen from Phillips because of her addiction. She identified the pistol found under Coffey’s mattress as one of the guns she had stolen and had exchanged for cocaine with Coffey. Browning testified that she had exchanged three guns and an owner’s manual to a rifle for drugs with Coffey.
¶ 6. Charles Coffey testified that he and Willie Coffey did not share the same bedroom, but that Willie Coffey slept on the couch while Charles slept in the bedroom. Charles also testified that he bought the pistol from Browning for $25 along with the owner’s manual to a rifle. Browning was recalled as a rebuttal witness and testified that she did not know Charles and had not sold him the pistol or manual. Browning testified that she had sold guns to Willie Coffey for cocaine and had not had any interaction with Charles.
¶ 7. At the conclusion of the trial, the jury returned a verdict of not guilty on the charge of trafficking in stolen firearms and guilty of possession of a firearm by a felon. From this verdict Coffey appeals, arguing that there was in insufficient evidence to demonstrate constructive possession of the firearm by him.
DISCUSSION
¶ 8. Coffey argues that the evidence of possession of the pistol was insufficient to sustain his conviction. A review *217 ing court must accept all the evidence and reasonable inferences in the light most favorable to the verdict. Holloman v. State, 656 So.2d 1134, 1142 (Miss.1995). With that view in mind, then we must determine whether evidence on any element of the charge is lacking. Id. Only if a reasonable juror had to reach a verdict of not guilty will we reverse. Id.
¶ 9. As there is no evidence that Coffey had actual possession of any of the weapons, the State was proceeding under the theory of constructive possession. For that, “there must be sufficient facts to warrant a finding that [the] defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it.” Curry v. State, 249 So.2d 414, 416 (Miss.1971). “Constructive possession may be shown by establishing that the [item] involved was subject to his dominion or control.” Id. Proximity is usually an essential element, but by itself is not enough in the absence of other incriminating circumstances. Id.
¶ 10. The owner of the premises where the contraband is found is rebutt-ably presumed to be in possession of the contraband. Hamburg v. State, 248 So.2d 430, 432 (Miss.1971). Coffey was not the owner of the house where the pistol and manual were found, but his mother was and he lived there with her, his sister, and nephew. Thus, in cases where the defendant is not the owner of the premises or in exclusive possession, then the State must prove some “competent evidence connecting him with the contraband.” Powell v. State, 355 So.2d 1378, 1379 (Miss.1978).
¶ 11. As evidence that the pistol was in the Coffey’s possession, the State presented the testimony of Browning and Detective King. Browning testified that she had exchanged the guns with Coffey for cocaine and that she had met him about seventy times. She testified that she had not sold the pistol to Coffey’s nephew, Charles. King testified that he, along with other officers, had searched Coffey’s mother’s house and found the pistol there. Coffey’s mother had indicated to the officers which room in the house was Coffey’s. King testified that the pistol found under the bed was one that had been stolen from Phillips’ home.
¶ 12. Charles testified that he had purchased the pistol, but this testimony was rebutted by Browning. Coffey testified that the room in which the pistol was found had been his room prior to his incarceration on a previous conviction. Coffey testified that at the time of the search he was sleeping on the couch and not in the bedroom.
¶ 13. When reviewing the evidence presented at trial we find that there was sufficient evidence upon which the jury could reach a guilty verdict. We affirm the conviction of possession of a firearm by a felon.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF GRENADA COUNTY OF CONVICTION OF POSSESSION OF A FIREARM BY A FELON AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.