LEE, P.J.,
dissenting:
¶21. With respect to the majority, I dissent. I find that there was insufficient evidence to support Roy Lee Johnson’s conviction for possession of a firearm by a convicted felon; therefore, I would reverse and render.
¶ 22. The State was required to prove that Johnson was a convicted felon and that he was in possession of a firearm. See Miss.Code Ann. § 97-37-5(1) (Rev. 2006). As there is no evidence that Johnson had actual possession of the weapon, the State was proceeding under the theory of constructive possession. For that, “there must be sufficient facts to warrant a finding that [the] defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it.” Curry v. State, 249 So.2d 414, 416 (Miss.1971). “Constructive possession may be shown by establishing that the [item] involved was subject to his dominion or control.” Id. “Proximity is usually an essential element, but by itself is not enough in the absence of other incriminating circumstances.” Gavin v. State, 785 So.2d 1088, 1093 (¶ 16) (Miss.Ct.App.2001).
¶23. Upon entering the mobile home, law enforcement officers saw Johnson inside the mobile home, but they did not see Johnson in physical possession of the rifle. Johnson was reclining on the couch, approximately eight feet from the rifle. Law enforcement officers testified Johnson did not attempt to reach for the rifle at any time that night. There was no testimony regarding who owned the rifle or the mobile home. There was no testimony concerning Ava Ward’s presence in the mobile home. The State’s case relied solely upon the presence of Johnson’s shoes in the mobile home and the testimony of law enforcement officers who knew that Johnson sometimes stayed at that particular mobile home. In Gavin, this Court stated the following:
Being in a closed area such as a vehicle or a room with contraband does not by itself permit the inference of dominion and control. If the accused is the owner of the premises, or if he is the exclusive user for some extended period of time, or if there are additional incriminating circumstances, then the inferences might be permissible.
Id. at 1094 (¶ 21). Without other incriminating circumstances, I cannot infer that the rifle belonged to Johnson merely because law enforcement officers believed it to be true. I cannot find that the evidence proves beyond a reasonable doubt that Johnson was in possession of the rifle; thus, I would reverse and render.
KING, C.J., IRVING AND ISHEE, JJ., JOIN THIS OPINION.