# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KA-01703-COA

ANDREW ACIE ADAMS A/K/A ANDREW ADAMS         APPELLANT

v.

STATE OF MISSISSIPPI         APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/27/2015 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: PHILLIP BROADHEAD |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF POSSESSION OF A WEAPON BY A CONVICTED FELON AND SENTENCED AS A HABITUAL OFFENDER TO TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, WITH THE SENTENCE TO RUN CONSECUTIVELY TO THE SENTENCE IN CAUSE NUMBER B2401-14-498 |
| DISPOSITION: | AFFIRMED: 01/24/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE FAIR, P.J., WILSON AND GREENLEE, JJ.**

**FAIR, P.J., FOR THE COURT:**

¶1.　　Andrew Acie Adams was spotted driving in Gulfport while there was a warrant out for his arrest.　After pulling Adams over, the officers noticed a loaded magazine in the

driver's side door. Adams's wife, who was in the passenger's seat, was found to have been sitting on a pistol, and a search of the vehicle's trunk revealed a .22-caliber rifle. Adams confessed to owning the rifle, but he claimed to know nothing of the pistol.

¶2. Adams was tried on two counts of possession of a weapon by a convicted felon. After the State presented its case, the trial court directed a verdict of acquittal for possession of the pistol. Adams testified in his own defense that he had lied about his owning the rifle in order to protect his wife. The jury convicted him anyway, and he appeals.[1] We find no error and affirm.

## DISCUSSION

### 1. Suppression of Confession

¶3. In his first issue on appeal, Adams contends that the Harrison County Circuit Court erred in not suppressing his confession. Adams alleges that the confession was induced by an officer falsely stating during the arrest that Adams's wife was a convicted felon who could not legally possess the rifle, so Adams claimed ownership of it to protect his wife.

¶4. It is apparent that this claim is procedurally barred because it was not raised in the trial court. Adams presented numerous pretrial motions, but none of them challenged the

---

[1] Phillip W. Broadhead, clinical professor and director of the University of Mississippi School of Law Criminal Appeals Clinic, was appointed as Adams's appellate counsel. Third-year law students under Professor Broadhead's supervision were appointed as special counsel pursuant to Mississippi Code Annotated section 73-3-207 (Rev. 2012). Jay Clay and Derek T. Cantrell assisted in the preparation of Adams's briefs, and Adreain Reynolds and Darian R. Etienne presented oral argument.

2

voluntariness of his confession. Instead, Adams sought to have parts of the arrest and interview recordings redacted to prevent the jury from being exposed to various prejudicial statements, relief that he was largely granted. While the trial judge did observe that Adams's confession was voluntary, the failure to make this argument and present any evidence in support procedurally bars this issue on appeal. *See, e.g., Williams v. State*, 994 So. 2d 821, 828 (¶24) (Miss. Ct. App. 2008).

¶5. Moreover, this claim appears to have no evidentiary support in the record. Adams did testify (in his own defense, at trial) that he had falsely claimed to have owned the rifle to prevent his wife from being arrested. But on cross-examination, Adams admitted he knew his wife was not a convicted felon.[2] He claimed instead that he was worried she would be arrested for possession of a stolen firearm since she had previously been arrested for that offense, though not convicted. Adams said he was afraid the rifle was stolen "because [his wife] had got caught with another stolen weapon before and [he did not] know where she gets the weapons from."

¶6. This issue is procedurally barred and lacks evidentiary support in the record.

### 2. Sufficiency of the Evidence

¶7. Adams next challenges the sufficiency of the evidence supporting his conviction. In evaluating the sufficiency of the evidence, we must decide whether it allows a jury to find

---

[2] Adams was testifying about what he knew at the present time (the time of trial), but he never suggested he did not know it at the relevant time as well.

"beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction." *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 315 (1979)).

¶8.     Since Adams was never seen in actual, physical possession of the rifle, he was prosecuted under a theory of constructive possession. "Constructive possession allows the prosecution to establish possession of contraband when evidence of actual possession is absent. Constructive possession is established by evidence showing that the contraband was under the dominion and control of the defendant." *Roberson v. State*, 595 So. 2d 1310, 1319 (Miss. 1992). "[T]here must be sufficient facts to warrant a finding that the defendant was aware of the presence and character of the particular [contraband] and was intentionally and consciously in possession of it." *Glidden v. State*, 74 So. 3d 342, 345-46 (¶12) (Miss. 2011) (citations omitted).

¶9.     Here, the rifle was found in the trunk of the vehicle Adams was driving, and a loaded magazine that fit the rifle was in the driver's side door. Adams further confessed that the rifle was his, in some detail, explaining how he had bought it from someone for sixty-five dollars and how he hoped to sell it to his uncle for more. He also stated that he liked guns

4

and enjoyed possessing them.

¶10. On appeal, Adams contends that the evidence was insufficient because the vehicle belonged to his wife. He notes that the owner (or possessor) of a vehicle is presumed to be in constructive possession of the things found inside. *Pool v. State*, 483 So. 2d 331, 336 (Miss. 1986). The presumption, however, can be rebutted if it is shown that the vehicle was not under the exclusive control of the owner. *Id.* at 336-37. Moreover, the presumption is simply that the owner is in possession of the items inside; it does not preclude the items from also being in the joint possession of others. *See Dixon v. State*, 953 So. 2d 1108, 1112 (¶9) (Miss. 2007) ("Possession of [contraband] may be actual or constructive, individual or joint.").

¶11. Adams also contends that proximity is an element of constructive possession and that his conviction fails for a want of proximity to the weapon. He cites to *Curry v. State*, 249 So. 2d 414, 416 (Miss. 1971), where the Mississippi Supreme Court had observed that "[p]roximity is usually an essential element [of constructive possession], but by itself is not adequate in the absence of other incriminating circumstances." Setting aside the factual futility of Adams's argument (the rifle was in the trunk of the vehicle Adams was driving when he was arrested), the point of this oft-repeated maxim is that proximity alone is not sufficient to prove constructive possession. The observation that proximity is necessary in "usual" cases is dicta about the practical reality of proving constructive possession. Proximity is not literally an element of constructive possession.

¶12.    Finally, Adams argues that his confession is inadequate evidence of possession because he spoke about his ownership of the gun rather than his possession of it at the relevant time.  While we agree that there is a distinction between ownership and possession, an acknowledgment of ownership is clearly an "incriminating circumstance." *Curry*, 249 So. 2d at 416.  That, along with Adams's proximity to the weapon, his wife's ownership of the car and his immediate control thereof, and the presence of the loaded magazine (which fit the rifle) in the driver's door while Adams was operating the vehicle, is more than sufficient evidence to sustain a conviction under the theory of constructive possession.

### 3.    Weight of the Evidence

¶13.    Adams also argues that the verdict was against the overwhelming weight of the evidence.  A new trial based on the weight of the evidence should be granted "only in exceptional cases in which the evidence preponderates heavily against the verdict." *Bush*, 895 So. 2d at 844 (¶18) (citation omitted).  "[T]he evidence must be viewed in the light most favorable to the verdict[.]" *Jenkins v. State*, 131 So. 3d 544, 551 (¶23) (Miss. 2013).  And the motion for a new trial is entrusted to the circuit judge, who had a firsthand view of the trial.  "[R]eversal is warranted only if the trial court abused its discretion in denying [the] motion for a new trial." *Waits v. State*, 119 So. 3d 1024, 1028 (¶13) (Miss. 2013).

¶14.    Adams contends that the evidence was overwhelming that the rifle actually belonged to his wife, because it was found in her vehicle.  He repeats many of the same arguments regarding the presumptions of constructive possession that we addressed in the prior issue.

6

We find this contention meritless. The vehicle did belong to Adams's wife, but he was driving it, a loaded magazine to the rifle was found in the driver's door, and Adams confessed that the rifle was his. The jury was the judge of the credibility of Adams's confession and his trial testimony. *Hartfield v. State*, 161 So. 3d 125, 140 (¶23) (Miss. 2015). It found Adams guilty, and we cannot say that the verdict was against the overwhelming weight of the evidence.

### 4. Jury Instruction

¶15. Finally, Adams contends that the trial court erred in refusing instruction D-6, which would have instructed the jury on the elements of constructive possession. Instead, the court gave S-6, which was also a constructive possession instruction:

> Possession, as that term is used in this case, may be actual or constructive. A person has actual possession when he or she knowingly has direct, immediate, and exclusive physical control over the thing or object. A person has constructive possession when he or she lacks actual possession of the thing or object but knowingly has both the power and the intention, at a given time, to exercise control or dominion over the thing or object, either directly or through another person.

Adams contends that D-6 was "more detailed" and would have required the State to prove "additional incriminating circumstances other than mere proximity." Adams also complains that the instruction allowed the jury to find that he constructively possessed the rifle "through another person."

¶16. Instruction S-6, which was given, was identical to the instruction approved of by the Mississippi Supreme Court in *Watkins v. State*, 101 So. 3d 628, 635-36 (¶¶23-25) (Miss.

2012). In *Floyd v. State*, 155 So. 3d 883, 887-88 (¶¶10-11) (Miss. Ct. App. 2014), this Court also approved of the instruction, noting that it was a model jury instruction. It is axiomatic that jury instructions are entrusted to the sound discretion of the trial court, and that "[w]hen read together, if the jury instructions state the law of the case and create no injustice, then no reversible error will be found." *Watkins*, 101 So. 3d at 635 (¶22) (citations omitted). Instruction S-6 was a correct statement of the law and sufficiently instructed the jury on the elements of constructive possession.

¶17. Also, this Court has specifically rejected the argument regarding the other-incriminating-circumstances language:

> We recognize D-1 contains language from *Curry* that is not contained in C-2, specifically that: "Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances." *See Curry*, 249 So. 2d at 416. But this court has previously found this language is not required when instructing a jury on constructive possession. In *Bates v. State*, 952 So. 2d 320, 323-25 (¶¶10-18) (Miss. Ct. App. 2007), the defendant made an argument similar to Mosley's—that the jury instructions "failed to mention that proximity to the drug by itself is not enough to convict a defendant unless incriminating circumstances are also proven." *Id*. at 324 (¶12) (citing *Curry*, 249 So. 2d at 416). This court found that it was "unnecessary to state that proximity alone is insufficient, because the instructions clearly stated all of the elements required." *Id.* at (¶14). Here, C-2 instructed that the jury had to find beyond a reasonable doubt that (1) Mosley was aware of the presence and character of the drugs and (2) Mosley intentionally and consciously possessed the drugs—which, in the absence of actual possession, may be shown by establishing the drugs were in Mosley's dominion and control. *Smith v. State*, 839 So. 2d 489, 497 (¶21) (Miss. 2003) (citing *Curry*, 249 So. 2d at 416) ("The State had to prove that Smith was aware of the cocaine and intentionally, but not necessarily physically, possessed it. Constructive possession may be shown by establishing dominion or control."). Because C-2 clearly stated the required elements of constructive possession, the "proximity" language in D-1 was unnecessary.

8

*Mosley v. State*, 89 So. 3d 41, 49 (¶26) (Miss. Ct. App. 2011). We further noted that "the absence of a defendant's exclusive ownership or possession of the premises where the [contraband was] found do[es] not add elements to constructive possession." *Id.* at (¶27).

¶18. As to Adams's concern with the inclusion of the language that constructive possession may be "either directly or through another person," he presents no authority showing this to be an incorrect statement of the law. As noted previously, the language has been quoted with approval in several decisions by our appellate courts. *See Watkins*, 101 So. 3d at 636 (¶23); *Floyd*, 155 So. 3d at 887-88 (¶¶10-11). And it appears to be widely or even universally accepted by other courts. *See, e.g., United States v. Berrios-Bonilla*, 822 F.3d 25, 29 (1st Cir. 2016); *United States v. Vichitvongsa*, 819 F.3d 260, 275 (6th Cir. 2016); *State v. Robinson*, 400 S.W.3d 529, 534 (Tenn. 2013); *C.B.D. v. State*, 90 So. 3d 227, 246 (Ala. Cr. App. 2011).

¶19. We find no merit to this issue.

¶20. **THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY, FIRST JUDICIAL DISTRICT, OF CONVICTION OF POSSESSION OF A WEAPON BY A CONVICTED FELON AND SENTENCE AS A HABITUAL OFFENDER OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, WITH THE SENTENCE TO RUN CONSECUTIVELY TO THE SENTENCE IN CAUSE NUMBER B2401-14-498, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, WILSON AND GREENLEE, JJ., CONCUR. WESTBROOKS, J., NOT PARTICIPATING.**