THOMAS, J.,
for the Court:
¶ 1. Derward Mauldin was convicted of possession of methamphetamine and sentenced to three years suspended and was ordered to pay a fíne of $1,000. On appeal, Mauldin raises several assignments of error, but our disposition of this case is based on the following issue:
I. THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE VERDICT OF POSSESSION OF METHAMPHETAMINE.
¶ 2. Because we find that there was insufficient evidence of Mauldin’s guilt, we reverse and render the conviction and sentence.
FACTS
¶ 3. Derward Mauldin was employed by Lady Luck Casino in Coahoma County, Mississippi as a black jack dealer. On May 23, 1997, while on break, Mauldin encountered Stephanie Coley and had a conversation with her. During the conversation Mauldin picked up her cigarette case, reached into it, pulled out some lip balm, used it, and put it back in the case. At the time surveillance was watching Coley and Mauldin. After Mauldin returned the cigarette case to Coley, several security officers detained Mauldin and Coley and confiscated the cigarette case. The two were held for questioning, during which time Mauldin put a white paper-like substance in his mouth, chewed it up, and refused to spit it out. The cigarette case was searched twice, the second search uncovering two cellophane bags containing methamphetamine stuck down in the cigarette case.
¶ 4. Mauldin testified that he picked up the cigarette case to see if Coley had any change for a soft drink. Mauldin also testified that the substance he put in his mouth was a piece of paper with sports bets written on it.
ANALYSIS
¶ 5. Motions for directed verdict and motions for JNOV challenge the sufficiency of the evidence. In reviewing a challenge to the sufficiency of the evidence, this Court views the evidence in the light most favorable to sustaining the conviction. McClain v. State, 625 So.2d 774, 778 (Miss.1993). We may not reverse unless the State’s proof as to one or more of the elements of the offense charged is so deficient that a reasonable and fair-minded juror could only find the accused not guilty. Id. We review the ruling on the motion for JNOV, the last occasion the challenge was made in the court below.
¶ 6. The statute under which Maul-din was charged states that “it is unlawful for any person knowingly or intentionally: (l)To create, sell, barter, transfer, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance.” Miss. Code Ann. § 41-29-139(a)(l)(Supp.l998) (emphasis added).
¶ 7. The videotape shows that Mauldin held the cigarette case that contained the controlled substance. However, the tape does not indicate and Mauldin did not acknowledge that he knew the cigarette case *566 contained methamphetamine. Without proof that Mauldin knew what was in the cigarette case, the element of knowing and intentional possession was not satisfied.
¶ 8. Also, since the drugs were not found on Mauldin and the cigarette case was not his, the only basis which the jury could find that he had actual possession would be the fact that he had briefly handled the cigarette case with the drugs in it earlier. Such actions are not sufficient for a charge of possession because possession requires actual or constructive control, not a mere passing control which occurs from a momentary handling. Berry v. State, 652 So.2d 745, 749 (Miss.1995).
¶ 9. Because Mauldin was not caught in actual possession of the methamphetamine, he could only have been in constructive possession in order to satisfy the possession element. In Curry v. State, the court explained constructive possession as requiring:
sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subjected to his dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances.
Curry v. State, 249 So.2d 414, 416 (Miss.1971).
¶ 10. Furthermore, in the case sub judice Mauldin did not own the cigarette case, thus “mere physical proximity to the contraband does not, in itself, show constructive possession.” McCarty v. State, 724 So.2d 487, 488 (Miss.Ct.App.1998). As stated in Fultz v. State, “the state must show additional incriminating circumstances to justify a finding of constructive possession.” Fultz v. State, 573 So.2d 689, 690 (Miss.1990).
¶ 11. The question still remains whether there is sufficient evidence to support the conclusion that Mauldin exercised dominion and control over the cigarette case. The only evidence the State has presented is that Mauldin at one time held the cigarette case, put something in his pocket during the conversation with Coley, and later put something in his mouth to try and conceal it. These arguments do not support possession. Whether Mauldin put something in his pocket or in his mouth, without more, is irrelevant since the possession charge relates to the substance found in the cigarette case.
¶ 12. In reviewing this case, this Court is unable to find sufficient incriminating evidence to establish possession. The State maintains that Mauldin swallowed methamphetamine to conceal them from the officers. However, no drug test was ever done to determine if Mauldin had drugs in his system. This Court need not point out what additional evidence would have been sufficient; rather, we only hold that the State failed to provide sufficient evidence to support the conviction of possession.
¶ 13. We, therefore, reverse and render the conviction.
¶ 14. THE JUDGMENT OF THE COA-HOMA COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF METHAMPHETAMINE IS REVERSED AND RENDERED. COSTS OF APPEAL ARE ASSESSED TO COA-HOMA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, MOORE, AND PAYNE, JJ., CONCUR.