952 So.2d 320 (2007)
Marcus BATES, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-KA-00983-COA.
Court of Appeals of Mississippi.
March 20, 2007.
*322 Walter E. Wood, Ridgeland, attorney for appellant.
Office of the Attorney General by W. Daniel Hinchcliff, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
CHANDLER, J., for the Court.
¶ 1. Marcus Bates appeals his conviction of cocaine possession pursuant to Section 41-29-139(c)(1)(B) of the Mississippi Code Annotated (Rev.2005). Officers from the Madison County narcotics unit pulled Bates over in March 2003 for unlit brake lights. After witnessing Bates chewing and swallowing some sort of substance, an officer pulled Bates from the car and the car was searched. "Crumbs" were seen on the driver's seat, and a "rock" of similar substance was found on the floorboard of the driver's seat. The rock was later determined to be crack cocaine.
¶ 2. Bates was arrested and charged with possession of narcotics. The passenger in the car was not detained or arrested. After a jury found Bates guilty, he was sentenced to serve eight years as a habitual offender in the custody of the Mississippi Department of Corrections and ordered to pay a fine of $50,000. Bates filed this appeal, arguing:
I. WHETHER THE TRIAL COURT ERRED BY PERMITTING A JURY INSTRUCTION WHICH INCORRECTLY DEFINED CONSTRUCTIVE POSSESSION.
II. WHETHER THE EVIDENCE WAS SUFFICIENT TO PROVE BATES GUILTY BEYOND A REASONABLE DOUBT.
¶ 3. Finding no error, we affirm.

FACTS
¶ 4. On March 3, 2003, drug enforcement officers from the Madison County narcotics unit stopped a vehicle driven by Marcus Bates in Canton, Mississippi. The agents were in an unmarked car and all wore plain clothes. The vehicle was stopped after Lieutenant Randy Tucker noticed through his rearview mirror that the car Bates was driving did not have brake lights. Tucker also recognized Bates from a traffic stop a few days prior, in which Bates was found to be an unlicensed driver and in possession of marijuana.[1]
*323 ¶ 5. While Lieutenant Tucker called in the vehicle information to dispatch, Agent Jay Houston approached the driver's door. Houston observed Bates chewing something and mumbling. Houston thought Bates was trying to dispose of evidence and based on his police experience and training, believed it to be cocaine. In order to preserve the evidence and prevent Bates from ingesting any more, Houston attempted to remove Bates from the vehicle. Bates tried to get away from Houston by hitting the gas pedal and leaning over into the passenger seat. A struggle ensued, whereby Lieutenant Tucker came over to the car and assisted in stopping the vehicle. Fearing that Bates might overdose, the agents sent Bates to the hospital for treatment for the ingested substance.
¶ 6. After Bates was arrested, the car was searched. White crumbs were found on the driver's seat and a "rock" was found on the floorboard of the driver's seat. The substance was later confirmed by the state crime lab to be crack cocaine and entered as evidence at trial.
¶ 7. A passenger, Bobby Brent, was also present in the car with Bates. However, none of the officers remember formally interviewing or searching the passenger. According to one agent's testimony, Brent claimed no involvement with the drugs. No charges were brought against Brent.
¶ 8. Bates was charged with possession of more than one-tenth grams but less than two grams of cocaine, a controlled substance, based on the drugs found on the floorboard of the car, and not from those allegedly ingested. The official police report did not state the reason for the stop, but officers testified that they had probable cause due to the car's unlit brake lights. The report also did not include information about Brent, the passenger, but Agent Houston stated that they did not pursue Brent because the drugs were found outside of his "wingspan." Additional allegations of resisting arrest and being an unlicensed driver were not charged against Bates.
¶ 9. At trial, an employee with the Mississippi Crime Lab reported that the rock tested positive for crack cocaine. Tucker and Houston also testified for the State. Bates did not testify or call any witnesses on his behalf. Bates was convicted by a unanimous jury of possession of cocaine and sentenced to eight years in custody of the Mississippi Department of Corrections as a habitual offender. Bates was also ordered to pay a fine of $50,000.

LAW AND ANALYSIS
I. WHETHER THE TRIAL COURT ERRED BY PERMITTING A JURY INSTRUCTION WHICH INCORRECTLY DEFINED CONSTRUCTIVE POSSESSION.
¶ 10. Bates argues that jury instruction No. 5 gave an incomplete legal standard for constructive possession. When reviewing jury instructions, we read the instructions as a whole. Conners v. State, 822 So.2d 290, 292(¶ 5) (Miss.Ct.App. 2001). If the instructions "fairly announce the law of the case and create no injustice, no reversible error will be found." Id.
¶ 11. Pertinent parts of jury instruction No. 5 read as follows:
Constructive possession may be shown by establishing that the Defendant was aware of the presence and character of the substance; that the substance was subject to Defendant's intentional and *324 conscious dominion and control and was in close proximity to the Defendant and further that the Defendant was aware of the presence and character of the cocaine and was intentionally and consciously in possession of the cocaine.
¶ 12. Bates claims that the instruction fails to mention that proximity to the drug by itself is not enough to convict a defendant unless incriminating circumstances are also proven. Curry v. State, 249 So.2d 414, 416 (Miss.1971). However, the State argues that this issue is procedurally barred because Bates never requested the additional language.
¶ 13. We do not consider matters on appeal that were not placed first before the trial judge for decision. Duplantis v. State, 708 So.2d 1327, 1339-40(¶ 49) (Miss. 1998). The record indicates that Bates objected to the language of jury instruction No. 5, but on different grounds than the proximity language. Bates did not request any additional proximity language at trial. "When a defendant seeks to assert grounds other than those on which his trial objection was based, it follows that this instance is not reviewable by this Court." Duplantis v. State, 644 So.2d 1235, 1247 (Miss.1994) (citing Stringer v. State, 279 So.2d 156, 158 (Miss.1973) ("objection on one or more specific grounds constitutes a waiver of all other grounds")); McGarrh v. State, 249 Miss. 247, 276, 148 So.2d 494, 506 (1963) ("objection cannot be enlarged in reviewing court to embrace omission not complained of at trial"). Therefore, Bates is procedurally barred from raising this issue on appeal.
¶ 14. Notwithstanding the procedural bar, we will discuss the merits of Bates's argument. Jury instruction No. 5 instructs that the State must prove four different elements for constructive possession: (1) that Bates was aware of and knew the substance to be cocaine; (2) that Bates had intentional and conscious dominion and control over the substance; (3) that the cocaine was in close proximity to Bates; and (4) that Bates knowingly possessed the cocaine. It is unnecessary to state that proximity alone is insufficient, because the instructions clearly state all of the elements required. Therefore, Bates's argument is without merit.
¶ 15. Bates further claims that jury instruction No. 5 improperly instructed on a presumption of constructive possession because evidence did not establish that Bates was the actual owner of the vehicle. On appeal, Bates argues that the instruction also did not include language stating that the State must prove additional incriminating circumstances to establish constructive possession if the defendant is not the owner of the car. Hamm v. State, 735 So.2d 1025, 1031(¶ 23) (Miss.1999).
¶ 16. The relevant part of the instruction reads, "It need not be actual physical possession. A presumption of constructive possession arises against the person(s) who exercises exlcusive dominion and control over the vehicle within which contraband or [sic] controlled substance is found." A presumption of constructive possession arises against the owner of premises upon which contraband is found. Pool v. State, 483 So.2d 331, 336-37 (Miss. 1986). However, the presumption is rebuttable and "when contraband is found on premises which are not owned by a defendant, mere physical proximity to the contraband does not, in itself, show constructive possession." Fultz v. State, 573 So.2d 689, 690 (Miss.1990). As such, the State is required to show additional incriminating circumstances to justify a finding of constructive possession. Id.
¶ 17. Bates claims that the testimony was insufficient to prove that he was the owner of the vehicle. However, Agent *325 Houston testified that Bates stated that he was the owner of the vehicle even though the title had not yet been transferred. Bates did not offer any evidence to rebut this testimony. Whether or not Bates was the actual owner of the vehicle was a question for the jury to consider. Therefore, the instruction which established a presumption against the owner of the vehicle was proper. Moreover, when reading the instructions as a whole, language to the effect of proving that Bates had "intentional and conscious" control over the illegal substance was present. Therefore, we find no error in the instruction given.
¶ 18. Further, Bates did not request additional language referring to the State's burden to prove additional incriminating evidence if Bates was not the owner of the vehicle. Thus, Bates is procedurally barred from raising this issue.
II. WHETHER THE EVIDENCE WAS SUFFICIENT TO PROVE BATES GUILTY BEYOND A REASONABLE DOUBT.
¶ 19. Bates asserts that the State relied on circumstantial evidence to prove its case and that the evidence was insufficient to find him guilty.
¶ 20. Evidence to support a verdict is sufficient when there is competent and credible evidence as to each element of the offense, when taken together with all inferences which reasonably may be drawn from the evidence and considered in the light most favorable to the prosecution, the evidence permits a reasonable juror to find the accused guilty beyond a reasonable doubt. McClain v. State, 625 So.2d 774, 778 (Miss.1993). The State need not provide direct evidence to support a conviction "so long as sufficient circumstantial evidence exists to establish guilt beyond a reasonable doubt." Neal v. State, 805 So.2d 520, 526(¶ 20) (Miss.2002). "Circumstantial evidence need not exclude every `possible doubt,' but only every other `reasonable' hypothesis of innocence." Id.
¶ 21. Our supreme court has spoken regarding possession of narcotics:
What constitutes a sufficient external relationship between the defendant and the narcotic property to complete the concept of "possession" is a question which is not susceptible of a specific rule. However, there must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subject to his dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances.
Curry v. State, 249 So.2d 414, 416 (Miss. 1971). In Sisk v. State, 290 So.2d 608, 610 (Miss.1974), our supreme court held that the State must show by competent evidence that the contraband was subject to the dominion or control of the defendant. The elements of constructive possession may be proven by circumstantial evidence. Martin v. State, 413 So.2d 730, 732 (Miss. 1982).
¶ 22. Testimony is undisputed that Bates was the driver of the vehicle. Agent Houston witnessed Bates furiously chewing and swallowing. After Houston asked Bates to open his mouth, Houston saw white residue consistent with the appearance of crack cocaine. As crack cocaine is chewed, Houston stated that the powder turns to a toothpaste-like substance, which is consistent with what he witnessed.
¶ 23. Houston noted from his training and expertise in handling over 400 drug *326 cases that a frequent hiding place for drugs is the mouth and, when caught with contraband, many criminals attempt to swallow the drugs. Houston also noted that "crumbs" were seen in plain view on the seat where Bates had been sitting. A rock of cocaine was later found directly underneath Bates's leg on the floorboard. Agent Houston testified that Bates admitted to being the owner of the vehicle, but that legal title had not yet passed. The defense offered no evidence to rebut this testimony. The defense also did not call any other witnesses on Bates's behalf.
¶ 24. Bates asserts that the State failed to offer evidence to rule out the possibility that the passenger Brent could have been the actual possessor of the drugs. However, the officers stated that Brent was not considered to be in possession of the cocaine as a passenger because the drugs found were outside of his reach. In addition, Bates was seen chewing and swallowing what was thought to be the contraband. When Houston told Bates to stop swallowing, Bates hit the accelerator on the car and attempted to get away from Houston by leaning over into the passenger seat. This testimony provided enough evidence for a jury to determine that Bates had constructive possession of the cocaine.
¶ 25. Bates further claims that since he was not the true owner of the vehicle, then he was not presumptively in control of the drugs. We find this argument to be without merit. Even if Bates was arguably not the owner of the car, additional incriminating evidence was properly presented by the State to prove that Bates had constructive possession of the contraband. Without attempting to rebut the evidence presented against him, we can find no error in the jury finding that Bates was in conscious dominion and control of the cocaine.
¶ 26. We are of the opinion that under the disputed facts of this case, there was an issue for the jury as to the guilt of the appellant. All of the facts favorable to the State, together with reasonable inferences, support the verdict of the jury. Therefore, we find Bates's arguments to be without merit and affirm the lower court's conviction and sentence.
¶ 27. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY OF CONVICTION OF POSSESSION OF MORE THAN .1 GRAM BUT LESS THAN 2 GRAMS OF COCAINE AND SENTENCE OF EIGHT YEARS AS A HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $50,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] It is unclear from the record whether charges were filed against Bates after the traffic stop in which he was found to be in possession of marijuana.