LEE, P.J.,
 

 for the Court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. On June 15, 2006, James Kenneth Cotton, a Mississippi Bureau of Narcotics (MBN) agent, received a tip that Jimmy Lee Daniels was selling cocaine from a red Jaguar at the Community Parks Apartments in McComb, Mississippi. Agent Cotton and another agent, Sheldon Jolliff, drove to the apartments and witnessed Daniels sitting in a red Jaguar. Agent Jolliff recognized Daniels from a pi’ior encounter. The agents drove around the block and parked behind Daniels. Daniels exited the car and began walking quickly toward the apartments. The agents did not see anyone else besides Daniels in or near Daniels’s car. The agents stopped Daniels and informed him that they had information alleging that he was selling drugs. Daniels agreed to talk to the agents, handed them his driver’s license, and gave them consent to search his car. Agent Jolliff testified that Daniels became more nervous after handing the agents his car keys.
 

 ¶ 2. Daniels then fled the scene. Agent Cotton chased him and Agent Jolliff stayed with the car. Agent Jolliff proceeded to search Daniels’s car, finding a brown bag on the driver’s seat which contained five smaller bags of a substance later identified as powder cocaine and rocks of crack cocaine. A set of digital scales was found under the driver’s seat. Daniels’s car was parked less than 1,500 feet from a playground. The car in question was registered to Daniels’s aunt, Janice Todd, who was unaware of the drug activity in her car. Agent Cotton failed to catch Daniels, but he was eventually arrested.
 

 ¶ 3. A jury in the Pike County Circuit Court convicted Daniels of possession of at least ten grams but less than thirty grams of cocaine within 1,500 feet of a playground. Daniels was sentenced, based on a sentence enhancement provision in Mississippi Code Annotated section 41-29-142 (Rev.2005), to thirty years, with sixteen years to serve in the custody of the Mississippi Department of Corrections, fourteen years suspended, five years of post-release supervision, and to pay a $10,000 fine. Daniels now appeals, asserting the following issues: (1) the trial court erred by failing to properly instruct the jury on the elements of constructive possession; (2) the trial court erred in sentencing him under the sentence enhancement provisions of section 41-29-142; (3) the trial court erred in failing to grant a directed verdict; (4) the verdict was against the overwhelming weight of the evidence; and (5) the trial court erred in failing to dismiss the indictment on the basis of double jeopardy. Finding no error in regard to issues 1, 3, 4, and 5, we affirm Daniels’s conviction. However, finding that the trial court erred in sentencing Daniels, we remand for re-sentencing.
 

 DISCUSSION
 

 I. INSTRUCTION ON THE ELEMENTS OF CONSTRUCTIVE POSSESSION
 

 ¶ 4. In his first issue on appeal, Daniels argues that the trial court did not properly instruct the jury on the elements of constructive possession. Daniels contends that instruction S-6 did not instruct the jury on an essential element of constructive possession. It is well-settled law that an appellate court does not review jury instructions in isolation; instead, we consider them as a whole to determine if
 
 *1198
 
 the jury was properly instructed on the law.
 
 Milano v. State,
 
 790 So.2d 179, 184(¶ 14) (Miss.2001). When read as a whole,- if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found.
 
 Phillipson v. State,
 
 943 So.2d 670, 671(¶ 5) (Miss.2006). However, the record shows that Daniels failed to object to the instruction. “To preserve a jury instruction issue on appeal, the defendant must make a specific objection to the proposed instruction to allow the trial court to consider the issue.”
 
 Harris v. State,
 
 861 So.2d 1003, 1013(1118) (Miss.2003) (citing
 
 Crawford v. State,
 
 787 So.2d 1236, 1244-45(¶ 35) (Miss.2001)). We find that this issue is procedurally barred.
 

 II. SENTENCE ENHANCEMENT
 

 ¶ 5. In his second issue on appeal, Daniels argues that the trial court incorrectly applied the sentence enhancement provision found in section 41-29-142. Section 41-29-142 doubles the statutory sentence for a violation of Mississippi Code Annotated section 41-29-139(a)(l) (Rev. 2005), the sale or possession with intent to sell a controlled substance, if the violation occurred within 1,500 feet of a park or school.
 

 ¶ 6. Although Daniels was indicted pursuant to section 41-29-139(a)(l), the jury found him guilty under section 41-29-139(c)(1)(D),’ possession of more than ten grams but less than thirty grams of cocaine. There is no sentence enhancement provision for crimes committed under this particular statute, regardless of if the crime occurred within 1,500 feet of a school or park. The State concedes that Daniels was improperly sentenced. We find that the trial court erred in sentencing Daniels under the enhancement provisions and remand for re-sentencing pursuant to the statute.
 

 III. DIRECTED VERDICT
 

 ¶ 7. In his third issue on appeal, Daniels argues that the trial court erred in failing to grant a directed verdict. Daniels specifically alleges that the evidence was insufficient to support the verdict. A motion for a directed verdict challenges the sufficiency of the evidence.
 
 Bush v. State,
 
 895 So.2d 836, 843(¶ 16) (Miss.2005). “[T]he critical inquiry is whether the evidence shows ‘beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed.’ ”
 
 Id.
 
 (citation omitted). If, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found, beyond a reasonable doubt, the essential elements of the crime existed, this Court will affirm the denial of a motion for a directed verdict.
 
 Id.
 
 If we find that reasonable, fair-minded jurors could have concluded that the defendant was guilty of the accused crime, the evidence will be deemed sufficient.
 
 Id.
 

 ¶ 8. To establish possession, “there must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it.”
 
 Hamm v. State,
 
 735 So.2d 1025, 1028(¶ 11) (Miss.1999) (quoting
 
 Curry v. State,
 
 249 So.2d 414, 416 (Miss.1971)). In the absence of actual physical possession, the State must show constructive possession.
 
 Williams v. State,
 
 971 So.2d 581, 587(¶ 16) (Miss.2007). “Constructive possession is established by showing that the contraband was under the dominion and control of the defendant.”
 
 Id.
 
 (quoting
 
 Roberson v. State,
 
 595 So.2d 1310, 1319 (Miss.1992)).
 

 ¶ 9. We find that there was sufficient evidence for reasonable, fair-minded jurors to conclude that Daniels was guilty of possession. Agent Cotton received a tip
 
 *1199
 
 that Daniels was selling cocaine from a red Jaguar at the Community Parks Apartments. Upon arriving at the apartments, Agent Cotton and Agent Jolliff saw a man sitting alone in a red Jaguar. Agent Jolliff recognized the man as Daniels from a pri- or encounter. The agents testified that Daniels had the car keys and gave them consent to search the car. Daniels then fled the scene. Agent Jolliff found a brown paper bag containing five separate bags of cocaine on the driver’s seat and a set of digital scales under the driver’s seat.
 

 ¶ 10. Although Daniels testified that the car did not belong to him and that he had not been sitting in it, the jury clearly found the testimony of the two MBN agents more credible. The jury reasonably inferred that Daniels was sitting in a car with a bag of cocaine near his person. “The jury is charged with the responsibility of weighing and considering conflicting evidence, evaluating the credibility of witnesses, and determining whose testimony should be believed.”
 
 Ford v. State,
 
 737 So.2d 424, 425(¶ 8) (Miss.Ct.App.1999). We find that there was sufficient evidence to support the guilty verdict; thus, this issue is without merit.
 

 IV. WEIGHT OF THE EVIDENCE
 

 ¶ 11. In his fourth issue on appeal, Daniels argues that the verdict was against the overwhelming weight of the evidence. “When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.”
 
 Bush,
 
 895 So.2d at 844(¶ 18). “[T]he evidence should be weighed in the light most favorable to the verdict.”
 
 Id.
 

 ¶ 12. A reversal on the grounds that the verdict was against the overwhelming weight of the evidence, “unlike a reversal based on insufficient evidence, does not mean that acquittal was the only proper verdict.”
 
 Id.
 
 (quoting
 
 McQueen v. State,
 
 423 So.2d 800, 803 (Miss.1982)). Rather, it means that this Court, sitting as the “thirteenth juror,” simply disagrees with the jury’s resolution of the conflicting testimony.
 
 Id.
 

 ¶ 13. Viewing the evidence in the light most favorable to the verdict, we find that the verdict was not against the overwhelming weight of the evidence. Testimony at trial presented a factual dispute for the jury’s resolution. The MBN agents testified that Daniels was seated in the car, and they found cocaine on the seat vacated by Daniels. The MBN agents testified as to Daniels’s demeanor as they moved to search his car. They stated that Daniels began acting nervous and then fled the scene. Daniels and another witness testified that Daniels was not sitting in the car, did not own the car, and had no knowledge of the cocaine. Although he was not the owner of the car, Daniels was the only occupant of the car and had the keys to the car. Weighing the evidence in the light most favorable to the verdict, we cannot find that allowing the verdict to stand would sanction an unconscionable injustice. This issue is without merit.
 

 V. DOUBLE JEOPARDY
 

 ¶ 14. In his final issue on appeal, Daniels argues that the trial court erred in failing to dismiss the indictment on the basis of double jeopardy. In Daniels’s first trial, Agent Cotton testified that Daniels surrendered his driver’s license prior to running from the agents. The prosecution had failed to disclose this information to Daniels prior to trial. Daniels moved for a mistrial, and the trial court granted his motion. Daniels filed a motion to dis
 
 *1200
 
 miss his indictment prior to his second trial. After a hearing on the matter, the trial court found no prosecutorial misconduct that would warrant a dismissal of the charge.
 

 ¶ 15. As Daniels requested the mistrial, he is generally barred from asserting a double jeopardy violation.
 
 Jenkins v. State,
 
 759 So.2d 1229, 1234(¶ 17) (Miss.2000). However, the supreme court has stated the following:
 

 In order to elevate an order granting a mistrial in a criminal case at the request of the defendant to one which could form the basis of a claim of double jeopardy, it must be shown not only that there was error, which is the common predicate to all such orders, but that such error was committed by the prosecution or by the court for the purpose of forcing the defendant to move for the mistrial.
 

 Carter v. State,
 
 402 So.2d 817, 821 (Miss.1981). In other words, “[wjithout proof of judicial error prejudicing the defendant, or ‘bad faith prosecutorial misconduct,’ double jeopardy does not arise.”
 
 Jenkins,
 
 759 So.2d at 1234(.¶ 17) (internal citation omitted).
 

 ¶ 16. Daniels claims that the prosecution consciously failed to disclose this evidence to him prior to trial. The State admitted to having knowledge of the evidence prior to Agent Cotton’s testimony. During the motion hearing, the prosecutor stated that he learned of Daniels’s surrender of his driver’s license during a lunch recess at his first trial. The prosecutor stated that this occurred shortly before Agent Cotton’s testimony. The prosecutor said that he had not intended to use the information concerning the surrender of the driver’s license because Agent Jolliff had previously identified Daniels during his testimony. In ruling on the motion to dismiss, the trial court found that the prosecution had not deliberately provoked a mistrial, namely because the facts presented favored a guilty verdict. The trial court stated that “this is a case where the State simply inadvertently failed to disclose evidence which may or may not have even had a significant impact on this case.” Daniels has failed to show either judicial error prejudicing him or bad faith prosecu-torial misconduct. This issue is without merit.
 

 1117. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF MORE THAN TEN GRAMS BUT LESS THAN THIRTY GRAMS OF COCAINE WITHIN 1,500 FEET OF A PLAYGROUND IS AFFIRMED. THE SENTENCE IS REVERSED, AND THIS CASE IS REMANDED FOR RE-SENTENCING CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.