BARNES, J.,
for the Court:
¶ 1. Nicholas Paul Fontenot was convicted of possession of a controlled substance *802 and sentenced to eight years in the custody of the Mississippi Department of Corrections (MDOC), with one year and one day to serve, and the remainder of the sentence to be served under post-release supervision. The circuit court denied Fon-tenot’s post-trial motion, and he now appeals. Finding no error, we affirm.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶2. On October 22, 2009, the Gulfport Police Department received an anonymous tip that Justin Overall was making methamphetamine (also referred to in this opinion as “meth”) at the Ramada Inn in Gulf-port, Mississippi. Police obtained a photo of Overall for identification purposes and proceeded to the hotel. However, the hotel clerk told police that no one under that name was registered at the hotel. The police continued to observe the hotel and became suspicious when they saw a man, who was later identified as James White, quickly cross the parking lot and enter Room 102. They also spotted Overall, who exited and quickly re-entered the room. The plain-clothed officers decided to question the men. As the police approached the hotel room, they encountered Overall and White exiting the room, leaving the door partially open. The police identified themselves and detained the men. The officers observed a hollowed-out ink pen, which is commonly used to smoke meth, behind Overall’s ear.
¶ 3. Looking through the open door, the officers noticed another man, who was later identified as Fontenot, in the hotel room. He had his back to the officers and was leaning over a small table with various items on it. One of the items was a plastic bag that contained a white, powdery substance, which was later determined to be .2 grams of methamphetamine. Police asked Fontenot to come out of the room, and he complied. Fontenot fumbled with something in his hands, and he dropped several pills and a small, empty vial on the ground. The pills were Xanax, a drug used to treat anxiety disorders. After obtaining a search warrant, the police found no precursors for the production of methamphetamine. They did find Fontenot’s wallet next to the plastic bag containing the methamphetamine.
¶4. On January 27, 2011, a Harrison County jury convicted Fontenot of possession of a controlled substance in violation of Mississippi Code Annotated section 41-29-139(c)(l) (Rev.2009). The circuit court sentenced him to eight years in the custody of the MDOC, with one year and one day to serve, and the remainder of his sentence to be served under post-release supervision.[1] Fontenot filed a motion for a judgment notwithstanding the verdict (JNOV), or in the alternative, a new trial, which was denied by the circuit court. Fontenot appeals the denial of his motion, and finding no error, we affirm the court’s judgment.
STANDARD OF REVIEW
¶ 5. “[A] motion for a JNOV challenge[s] the legal sufficiency of the evidence.” Wells v. State, 57 So.3d 40, 45 (¶ 10) (Miss.Ct.App.2011) (citing Bush v. State, 895 So.2d 836, 843 (¶16) (Miss.2005)). Viewing the evidence in the light most favorable to the State, “we will not disturb the circuit court’s ruling if ‘the evidence shows beyond a reasonable doubt that the accused committed the act charged, and that he did so under such circumstances that every element of the *803 offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.’ ” Id.
Whether there was sufficient evidence that Fontenot had constructive possession of the methamphetamine.
¶ 6. The Mississippi Supreme Court has held: “To support a conviction for possession of a controlled substance, ‘there must be sufficient facts to warrant a finding that the defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it.’ ” Glidden v. State, 74 So.3d 342, 345 (¶ 12) (Miss.2011) (quoting Wall v. State, 718 So.2d 1107, 1111 (¶ 13) (Miss.1998)). “Possession of a controlled substance may be actual or con-struetive[J” Johnson v. State, 81 So.3d 1020, 1023 (¶ 7) (Miss.2011) (citation omitted). Because Fontenot did not have actual possession of the methamphetamine, he was convicted under the theory of constructive possession. See Glidden, 74 So.3d at 345 (¶ 12) (“When ... a defendant does not physically possess the illegal drugs, the State must prove constructive possession of the drugs in order to prevail.”). Fontenot claims there was insufficient evidence that he was in constructive possession of methamphetamine; therefore, the circuit court erred in denying his motion for a JNOV.
¶ 7. Fontenot was standing over a night stand that bore several items, including the plastic bag containing the methamphetamine. Fontenot also admitted to police he had picked up the bag and looked at it, and he was aware the substance was methamphetamine or cocaine. At the post-arrest police interview, Overall said that Fontenot had been smoking meth with White. Overall also stated that he left the room that morning to get more clothes, and when he returned, there were pieces of foil on the floor, which is used for smoking meth. However, Overall later contradicted this statement, testifying at trial that the bag of meth was his.[2] Overall claimed that he bought the Xanax from someone at a local Walmart, and then traded Xanax for some meth. Overall also said that, on the evening prior to the arrests, he had picked up a woman at a local bar, taken her to the hotel room, and proceeded to smoke meth with her. He admitted that Fontenot was present in the room that evening but claimed that Fonte-not did not take drugs.
¶ 8. It is the province of the jury “to decide the weight and credibility to be assigned to the testimony of each witness.” Glidden, 74 So.3d at 349 (¶ 21). Overall was under the influence of Xanax and methamphetamine the evening prior to the arrest. He confessed that there were times that evening and the next morning that he was not aware of what Fontenot was doing. When asked if he remembered being at the hotel room, Overall testified: “Bits and pieces. I was so induced on the crystal that I remember just bits and pieces of it, but yes, ma’am.”
¶ 9. “Possession, no matter how fleeting, is sufficient to sustain a conviction. Possession is defined, however, in terms of the exercise of dominion and control.” Berry v. State, 652 So.2d 745, 751 *804 (Miss.1995). To establish constructive possession, the drug simply has to be found near the defendant “in a place over which the defendant exercises dominion or control.” Glidden, 74 So.3d at 348 (¶ 20) (quoting Hudson v. State, 30 So.3d 1199, 1204 (¶ 11) (Miss.2010)). However, a defendant’s proximity to the drugs is not a determinative factor in establishing constructive possession. Knight v. State, 72 So.3d 1056, 1063 (¶26) (Miss.2011) (citing Dixon v. State, 953 So.2d 1108, 1112 (¶ 9) (Miss.2007)). When illegal substances are found on premises not owned by the defendant, “the State must show other incriminating circumstances, in addition to proximity, in order to prove constructive possession.” Cheatham v. State, 12 So.3d 598, 601 (¶ 7) (Miss.Ct.App.2009) (citing Fultz v. State, 573 So.2d 689, 690 (Miss.1990)).
¶ 10. Fontenot admitted that he was aware of the “presence and character” of the methamphetamine. The question is whether Fontenot had demonstrated “dominion or control” over the contraband. It was never established who had rented the hotel room. However, the methamphetamine was lying in plain sight next to Fontenot’s wallet. There were clothes and shoes scattered around the room, and many of the items belonged to Fontenot. Fontenot also possessed Xanax and a vial that had contained the pills he had dropped. A cap matching the container (vial) that he had in his possession was on the table next to his wallet and the bag of methamphetamine.
¶ 11. Fontenot cites Mauldin v. State, 750 So.2d 564 (Miss.Ct.App.1999), to support his argument that his momentary handling of contraband did not constitute dominion and control. Mauldin, however, is distinguishable from the present case. Derward Mauldin picked up a cigarette case owned by someone else, and then returned it to the original owner’s possession. Immediately afterwards, security personnel searched the case, and found a small amount of methamphetamine inside. Id. at 565 (¶ 3). Mauldin was convicted of constructive possession of a controlled substance. This Court reversed and rendered the judgment, finding that Mauldin had no control over the case; it had been handed back to its owner. Id. at 566 (¶¶ 8, 13). Fontenot, on the other hand, was standing next to the bag of meth, which was lying next to his wallet. He was the only one in the room; Overall and White had already left of their own accord.
¶ 12. “The elements of constructive possession may be proven by circumstantial evidence.” Bates v. State, 952 So.2d 320, 325 (¶ 21) (Miss.Ct.App.2007) (citing Martin v. State, 413 So.2d 730, 732 (Miss.1982)). Fontenot was standing over the bag of methamphetamine and was the only person inside the hotel room when the police arrived at the door. We do not find it unreasonable that the jury determined Fontenot was exerting “dominion or control” over the methamphetamine. “If reasonable jurors could have reached different conclusions with respect to every element of the offense, the evidence will be considered sufficient.” Stingley v. State, 966 So.2d 1269, 1272 (¶ 10) (Miss.Ct.App.2007) (citing Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005)).
¶ 13. Therefore, viewing the evidence in the light most favorable to the State, we find there was sufficient evidence to convict Fontenot of constructive possession of the methamphetamine, and a rational juror could have found that the State proved all of the elements of the offense beyond a reasonable doubt. This issue is without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF POS *805 SESSION OF A CONTROLLED SUBSTANCE AND SENTENCE OF EIGHT YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH ONE YEAR AND ONE DAY TO SERVE AND THE REMAINDER TO BE SERVED UNDER POST-RELEASE SUPERVISION, AND TO PAY A $2,000 FINE, $200 TO THE CRIME VICTIMS’ COMPENSATION FUND, AND $50 IN RESTITUTION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
LEE, C.J., GRIFFIS, P.J., ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. RUSSELL, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING, P.J., AND ISHEE, J.

. Fontenot was placed on three years of reporting post-release supervision, with the remainder to be served as non-reporting.

. Overall pleaded guilty to the charge of possession of methamphetamine in the week preceding Fontenot’s trial. The circuit court admitted Overall’s prior inconsistent statement into evidence since Overall had testified that he did not recall talking to the police after the arrest. See Harrison v. State, 534 So.2d 175, 180 (Miss.1988) ("When a witness fails in any manner to acknowledge the making of a statement, the impeacher is obligated to offer proof establishing the making of that statement, assuming, of course, that the issue is relevant.”).