# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-KA-01606-COA

**CHARLES EDWARD REINDOLLAR A/K/A CHARLES REINDOLLAR**　　　　　**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**　　　　　**APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/27/2018 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: MOLLIE MARIE McMILLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| DISTRICT ATTORNEY: | JOHN K. BRAMLETT JR. |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 02/11/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLTON, P.J., WESTBROOKS, LAWRENCE AND McCARTY, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1. Charles Reindollar appeals his conviction of possession of methamphetamine. In the brief filed by the Office of State Public Defender, Indigent Appeals Division, Reindollar claims that the evidence is insufficient to sustain his conviction for possession of methamphetamine. Reindollar also filed a pro se supplemental brief and asserts additional errors. Having reviewed all of the issues submitted, we find no error. We therefore affirm the trial court's judgment.

**FACTS**

¶2.    Reindollar was indicted for possession of more than two grams but less than ten grams of methamphetamine, which is a Schedule II controlled substance, in violation of Mississippi Code Annotated section 41-29-139 (Supp. 2017).

¶3.    During Reindollar's trial, the State presented three witnesses: Richland Police Department patrolling officer Sergeant Marion Overby; Richland Police Department narcotics investigator Sergeant Brian Hamilton; and Adrian Hall, an expert in the field of chemical analysis of drugs with the Mississippi Forensic Lab.

¶4.    Sergeant Overby testified that on July 18, 2017, he was patrolling on the frontage road of Highway 49 in Richland when he noticed an 18-wheeler parked on Lake Drive facing the highway with a vehicle parked in front of it.  According to Sergeant Overby, the truck was noticeably leaking fluid, so he went to see if the driver needed help.  Sergeant Overby testified that two men were present on the scene:  Charles Cox, the driver of the 18-wheeler, and Reindollar, the driver of the other vehicle.  Sergeant Overby observed both Cox and Reindollar removing items from the 18-wheeler and putting them in the other vehicle.  When questioned by Sergeant Overby, Cox explained that his truck had broken down and that he was waiting on the nearby repair shop to open.  Sergeant Overby testified about his observations of both men during the encounter, stating that Cox and Reindollar were both "extremely nervous."

¶5.    Sergeant Hamilton arrived on the scene to aid Sergeant Overby.  Sergeant Hamilton testified that Sergeant Overby informed him that Cox and Reindollar "were extremely nervous and he thought that they were under the influence of some type of stimulant."

Sergeant Hamilton opined that based on his training and experience, he believed Reindollar was obviously under the influence of some type of stimulant because Reindollar seemed fidgety, he was sweating, and his pupils were "constricted."

¶6.     Sergeant Hamilton testified that Reindollar informed him that he was driving his brother's vehicle from Texas to retrieve his friend Cox and that his brother was aware that Reindollar was using the vehicle. Reindollar consented to allow Sergeant Hamilton to search his brother's vehicle. Sergeant Hamilton testified that upon opening the door to the vehicle, digital scales were visible in the door pocket. He also testified that these types of digital scales are commonly used to weigh narcotics. Sergeant Hamilton stated that he conducted a field test on the scales, and the scales tested positive for leftover residue of methamphetamine. Sergeant Hamilton testified that further searching of the vehicle revealed two bags of what appeared to be methamphetamine. Sergeant Hamilton explained that he found these two bags stashed in the headliner of the vehicle above the steering wheel.

¶7.     Hall testified that he tested the substances found in the two bags. Hall stated that the substances in the bags were determined to be methamphetamine, and each bag weighed approximately 2.46 grams.

¶8.     Regarding his search of the vehicle, Sergeant Hamilton testified that the drugs were not in plain sight to someone inside of the vehicle like the digital scales were, but he clarified that from standing in front of the vehicle, he could see that the headliner had been pulled down.

¶9.     The record reflects that at the scene Reindollar never admitted to possession of the scales or drugs found in the vehicle, but he did admit to driving the vehicle to Mississippi

3

from Texas. Neither Sergeant Hamilton nor Overby saw Reindollar or Cox driving to the scene, nor did they see them inside either vehicle. Reindollar was subsequently placed under arrest, but Cox was not charged.

¶10. After a trial held on July 30, 2018, the jury convicted Reindollar of possession of a controlled substance pursuant to section 41-29-139. Reindollar was sentenced as a violent habitual offender under Mississippi Code Annotated section 99-19-83 (Rev. 2015) to serve life without eligibility for parole. The trial court denied his motion for judgment notwithstanding the verdict or, alternatively, a new trial. It is from this judgment that Reindollar now appeals.

## STANDARD OF REVIEW

¶11. This Court reviews de novo a trial court's ruling on the legal sufficiency of the evidence. *Brooks v. State*, 203 So. 3d 1134, 1137 (¶11) (Miss. 2016). The supreme court has stated that when reviewing a case for sufficiency of the evidence, "[a]ll credible evidence which is consistent with guilt must be accepted as true, and the State is given the benefit of all favorable inferences that may be reasonably drawn from the evidence." *Burrows v. State*, 961 So. 2d 701, 705 (¶9) (Miss. 2007). The evidence must be examined "in the light most favorable to the State, while keeping in mind the beyond-a-reasonable-doubt burden of proof standard." *Haynes v. State*, 250 So. 3d 1241, 1244 (¶6) (Miss. 2018). The supreme court has clarified that "[s]hould the facts and inferences . . . point in favor of the defendant on any element of the offense with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty, the proper remedy is for the appellate court to reverse and render." *Brown v. State*, 965 So. 2d 1023, 1030 (¶25) (Miss. 2007) (internal

4

quotation marks omitted). Essentially, "[t]he relevant question is whether, after viewing the evidence in light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Shelton v. State*, 214 So. 3d 250, 256 (¶29) (Miss. 2017).

## DISCUSSION

### I.     Sufficiency of the Evidence

¶12.    On appeal, Reindollar asserts that the State failed to prove that he was aware of the presence and character of the drugs found in the vehicle. Reindollar also argues that the State failed to prove that he intended to exert control over the drugs.

¶13.    The applicable law provides that "[p]ossession of a controlled substance may be actual or constructive." *O'Donnell v. State*, 173 So. 3d 907, 917 (¶22) (Miss. Ct. App. 2015). In the present case, because the drugs found by the police were not in Reindollar's actual possession, but were hidden in the headliner of the vehicle that he was driving, the State was required to prove that Reindollar had constructive possession of the methamphetamine. *Glidden v. State*, 74 So. 3d 342, 345 (¶12) (Miss. 2011) ("When, as here, a defendant does not physically possess the illegal drugs, the State must prove constructive possession of the drugs in order to prevail.").

¶14.    The supreme court has acknowledged that "[w]hat constitutes a sufficient external relationship between the defendant and the narcotic property to complete the concept of 'possession' is a question which is not susceptible to a specific rule." *Haynes*, 250 So. 3d at 1244-45 (¶8). To establish constructive possession, the supreme court provided the following guidance: (1) "there must be sufficient facts to warrant a finding that [the]

5

defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it[,]" (2) "the drug involved was subject to the defendant's dominion or control[,]" and (3) "[p]roximity is usually an essential element, but by itself [it] is not adequate in the absence of other incriminating circumstances." *Id.* at 1245 (¶8). The supreme court further stated that "one who owns a vehicle in which contraband is found is presumed to be in constructive possession of those illicit items." *Id.* The supreme court clarified that "when contraband is found in a vehicle that is not owned by a defendant, mere physical proximity to the contraband does not, in itself, show constructive possession." *Id.* In such circumstances, "[t]he State is required to establish additional incriminating circumstances in order to prove constructive possession." *Id.*[1] This Court has held that "[t]he elements of constructive possession may be proven by circumstantial evidence." *Fontenot*, 110 So. 3d at 804 (¶12).

¶15. According to Reindollar, the State did not prove that he had consciously exercised control over the drugs. In support of his argument, Reindollar maintains that he did not own the vehicle, that he was not in exclusive control of the vehicle, and that he did not know that the drugs were present in the vehicle.

¶16. Our review of the record reflects testimony stating that Reindollar was not the owner

---

[1] *See also Dixon v. State*, 953 So. 2d 1108, 1112-13 (¶9) (Miss. 2007) ("Essentially, considering the totality of the circumstances, there must be evidence, in addition to physical proximity, showing the defendant consciously exercised control over the contraband, and absent this evidence, a finding of constructive possession cannot be sustained." (citation and internal quotation marks omitted)); *Fontenot v. State*, 110 So. 3d 800, 804 (¶9) (Miss. Ct. App. 2012) ("When illegal substances are found on premises not owned by the defendant, the State must show other incriminating circumstances, in addition to proximity, in order to prove constructive possession.").

of the vehicle where the drugs were found but that Reindollar admitted that he had driven the vehicle from Texas to Mississippi with his brother's permission. Sergeant Hamilton testified that based on his training and experience, it was obvious that Reindollar appeared to be under the influence of some type of stimulant when he arrived on the scene. He also testified that the set of scales, which are commonly used for weighing narcotics, was located in plain view of the driver and also in reaching distance of the driver's door pocket.

¶17. Moreover, the jury heard testimony from Sergeant Hamilton stating when Sergeant Hamilton discovered the scales in the vehicle, they were visible, and there was still residue of a substance on the scales. Tests confirmed that this substance was methamphetamine. Before the scales were admitted into evidence, the jury saw a demonstration from Sergeant Hamilton identifying leftover particles on the scales that appeared to be the same residual methamphetamine as tested before.

¶18. Proof of additional incriminating circumstances developed when Sergeant Hamilton testified that he discovered two plastic bags containing methamphetamine in the vehicle. Sergeant Hamilton stated that the two plastic bags containing methamphetamine were located above the driver's seat in the headliner, which is located above the steering wheel of the vehicle. With Sergeant Hamilton's comprehensive police background and numerous classes for extensive narcotics investigations, including street-level narcotics, criminal interdiction,[2] and narcotics-related interdiction, he stated that the headliner of a vehicle is a common place where people conceal narcotics or paraphernalia.

---

[2] Sergeant Hamilton testified to the jury that "criminal and drug interdiction" is the trafficking of narcotics or crime from one place to another.

¶19.    In the similar case of *Fontenot*, 110 So. 3d at 804 (¶12), this Court found that there was sufficient evidence to convict the defendant, Fontenot, of constructive possession of methamphetamine based on circumstantial evidence. Fontenot was standing over the bag of methamphetamine and was the only person inside the hotel room when the police arrived at the door. *Id*. This Court held that it was not unreasonable that the jury determined Fontenot was exerting "dominion or control" over the methamphetamine. *Id*. Therefore, when viewing the evidence in the light most favorable to the State, this Court found there was sufficient evidence to convict Fontenot of constructive possession of the methamphetamine. *Id*. at (¶13).

¶20.    In short, the record reflects substantial evidence for a jury to find that Reindollar constructively possessed methamphetamine under section 41-29-139. The supreme court has held that evidence of constructive possession was sufficient where the defendant did not own the premises but was in control of the premises where contraband was found and knew or should have known that the contraband was present. *Blissett v. State* 754 So. 2d 1242, 1244 (¶9) (Miss. 2000). Furthermore, we find the record contains sufficient evidence of "other incriminating circumstances" supporting a finding of constructive possession in this case. *See Haynes*, 250 So. 3d at 1245 (¶8). The jury also heard testimony regarding Reindollar's nervous demeanor at the time of the police arriving, which was inconsistent with the lack of knowledge of methamphetamine in the vehicle. "The jury is charged with the responsibility of weighing and considering conflicting evidence, evaluating the credibility of witnesses, and determining whose testimony should be believed." *Daniels v. State*, 9 So. 3d 1194, 1199 (¶10) (Miss. Ct. App. 2009). We do not find it unreasonable that the jury determined that

8

Reindollar constructively possessed the methamphetamine found in the vehicle. "If reasonable jurors could have reached different conclusions with respect to every element of the offense, the evidence will be considered sufficient." *Fontenot*, 110 So. 3d at 804 (¶12).

## II. Reindollar's Additional Assignments of Error

¶21. Reindollar raises numerous assignments of error attacking the sufficiency of the evidence and jury instruction S-1. We find no support in the record for his assertions. Furthermore, our review of jury instruction S-1 shows that the instruction tracked the language of section 41-29-139, the statute under which Reindollar was indicted, and set forth the elements necessary for proving possession of methamphetamine. "[T]his Court has 'consistently held that instructions in a criminal case which follow the language of a pertinent statute are sufficient.'" *Rubenstein v. State*, 941 So. 2d 735, 772 (¶155) (Miss. 2006) (quoting *Byrom v. State*, 863 So. 2d 836, 880 (¶162) (Miss. 2003)). After a thorough review of Reindollar's supplemental pro se brief and the record, we find no merit to Reindollar's assignments of error. We therefore affirm Reindollar's conviction and sentence.

¶22. **AFFIRMED.**

**BARNES, C.J., J. WILSON, P.J., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**