CARLTON, J.,
for the Court.
¶ 1. On March 18, 2008, a Harrison County jury found Christopher Lewis guilty of possession of a controlled substance. The trial court sentenced Lewis as a habitual offender to four years in the custody of the Mississippi Department of Corrections (MDOC) without eligibility for parole or probation. Lewis now timely appeals claiming the evidence was legally insufficient as to his dominion and control of the controlled substance. We find no error and affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On April 20, 2006, Officer Samuel Jewell of the Gulfport Police Department conducted a traffic stop of the car in which Lewis traveled as a front-seat passenger. As Officer Jewell approached the car, he saw the driver “passing something over in a hand movement with his right hand” to Lewis’s left hand. Moments later, Officer Jason Goudin arrived at the scene as backup.
¶ 3. Officer Jewell testified that he advised Officer Goudin that something passed between the driver and Lewis and to keep a close eye on Lewis. After being advised of the situation, Officer Goudin approached the passenger side of the vehicle and engaged Lewis in conversation. During the conversation, Officer Goudin noticed “an off-white substance” in Lewis’s hand that he recognized as cocaine base or crack cocaine. Officer Goudin then grabbed Lewis’s hand to keep him from destroying potential evidence. As a result, Lewis dropped the crack cocaine to the floorboard, and the officers seized it.
¶ 4. The officers then arrested Lewis. Officer Goudin testified at trial that Lewis told him that the driver had taken the crack cocaine out of his mouth and placed it into Lewis’s left hand when Officer Jewell approached their vehicle. Additionally, at trial, both Lewis and the State stipulated that the substance Lewis dropped was crack cocaine and that both officers saw the crack cocaine in Lewis’s hand.
¶ 5. The jury' found Lewis guilty of possession of a controlled substance in violation of Mississippi Code Annotated section 41 — 29—139(e)(1) (Rev.2005). The trial court sentenced Lewis as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev.2007) to serve four years in the custody of the MDOC without eligibility for parole or probation. Lewis appeals alleging insufficiency of the evidence.
*620 STANDARD OF REVIEW
¶ 6. This Court has articulated the following standard of review in challenges to the sufficiency of the evidence:
In reviewing whether the evidence supporting a jury verdict is legally sufficient, this Court does not determine whether from the evidence we would have voted to convict or acquit. Rather, we view the evidence in the light most favorable to the prosecution and determine whether a rational juror could have concluded beyond a reasonable doubt that all elements of the crime were satisfied. The proper remedy for insufficient evidence is for the Court to reverse and render.
Readus v. State, 997 So.2d 941, 944(¶ 13) (Miss.Ct.App.2008) (internal citations omitted).
DISCUSSION
¶ 7. Lewis attacks the sufficiency of the evidence arguing that since he only “momentarily” held the crack cocaine, we should reverse his conviction for possession of crack cocaine. In turn, the State argues that legally sufficient evidence was presented to support Lewis’s conviction. Specifically, the State contends that when Lewis consciously and physically took the crack cocaine from the driver’s hand and attempted to conceal it in his own hand from law enforcement, Lewis then exercised dominion and control over the crack cocaine such that legally • sufficient evidence supported his conviction.
¶ 8. “Possession of a controlled substance may be actual or constructive.” Dixon v. State, 958 So.2d 1108, 1112(9) (Miss.2007) (citation omitted). In explaining the concept of possession, the supreme court has stated that:
[WJhat constitutes a sufficient external relationship between the defendant and the narcotic property to complete the concept of ‘possession’ is a question which is not susceptible of a specific rule. However, there must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subject to his dominion or control.
Curry v. State, 249 So.2d 414, 416 (Miss.1971) (emphasis added).
¶ 9. Lewis relies on Berry v. State, 652 So.2d 745, 749-50 (Miss.1995) to support his contention that the momentary holding of crack cocaine cannot constitute possession of crack cocaine. However, we find the case at bar easily distinguishable from Berry. In Berry, the State presented evidence that while in his friend’s car, Reginald Berry took a napkin at his friend’s direction and placed it inside the glove compartment. Id. at 750. The napkin contained cocaine. Id. On appeal, the defendant argued “that without proof that he knew what he put in the glove compartment was cocaine, it was not proven that he knowingly and intentionally possessed cocaine.” Id. at 747.
¶ 10. The supreme court agreed with Berry and found that “[the] facts [were] not sufficient to evince that Berry had any control over the drugs ...” when he had “simply place[d] them in the glove compartment at [his friend’s] request, in [his friend’s] car, and in [his friend’s] presence.” Id. at 751. The supreme court concluded that “[t]here was no evidence that [Berry] owned the drugs, paid for them, or controlled them in any manner.” In reversing Berry’s conviction for possession of cocaine, the supreme court further explained its holding in the following manner:
*621 The factor of control is essential. Here unlike in Maples [v. State, 44 Ala.App. 491, 214 So.2d 700 (Ala.Ct.App.1968) ], when Berry momentarily handled the substance[,] it was with explicit direction as to immediate disposition. In Maples[,] the person receiving the substance received it without direction, leaving it within his discretion as to disposition. [Id. at 701.] Thus, even though possession was momentary there, the circumstances of possession were such that dominion and control could be inferred. Possession, no matter how fleeting, is sufficient to sustain a conviction. Possession is defined, however, in terms of the exercise of dominion and control. We hold only, that in the circumstances here presented, the momentary handling was insufficient to support an inference of dominion and control.
Id. at 751 (emphasis added).
¶ 11. Again, in Berry, the driver handed his passenger a napkin and explicitly told him to put it into the glove compartment. In contrast, the driver in this case took crack cocaine from his mouth and placed it into Lewis’s hand with no explicit directions. In turn, Lewis physically accepted the crack cocaine with his hand and consciously decided to hold and conceal the crack cocaine in his hand when officers approached their vehicle.
¶ 12. For the jury to find that Lewis “possessed” the crack cocaine in his hand, the jury would need to determine that sufficient facts existed to warrant a finding that Lewis “was aware of the presence and character of the [crack cocaine in his hand] and was intentionally and consciously in possession of it.” Curry, 249 So.2d at 416. Again, the jury resolves matters regarding the weight and sufficiency of the evidence. Readus, 997 So.2d at 944(¶ 13).
¶ 13. Accordingly, under our standard of review regarding sufficiency of the evidence, we find no error and affirm.
¶ 14. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE AND SENTENCE AS A HABITUAL OFFENDER OF FOUR YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.