# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-KA-01366-SCT

*DAMIAN LADELL BROWN*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/04/2020 |
| TRIAL JUDGE: | HON. LISA P. DODSON |
| TRIAL COURT ATTORNEYS: | HERBERT H. KLEIN |
| | ANGELA BROUN BLACKWELL |
| | JOEL SMITH |
| | IAN LAWRENCE BAKER |
| | ROBERT CHARLES STEWART |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: ERIN E. BRIGGS |
| | GEORGE T. HOLMES |
| | ZAKIA BUTLER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ALLISON ELIZABETH HORNE |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 02/10/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., COLEMAN AND GRIFFIS, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1. A D'Iberville police officer arrested Damian Ladell Brown after spotting a firearm during a traffic stop. Brown now appeals his resulting conviction for three counts of possession of a controlled substance and one count of unlawful possession of a firearm by a convicted felon. The trial court sentenced Brown to a total of twenty-four years to be served

day for day without the benefit of early release or probation under Mississippi Code Section 99-19-81 (Rev. 2020), the habitual offender statute. Brown's defense counsel filed a motion for JNOV or, alternatively, a new trial. The court denied the motions, and Brown appeals.

## FACTS AND PROCEDURAL HISTORY

¶2. Officer Derek Romero of the D'Iberville Police Department was on duty during the late night/early morning hours of December 30, 2018, when he noticed a car pass without working tag lights. Romero turned on his patrol car lights and stopped the Toyota Camry. When he got to the car, Romero noticed two passengers inside. The driver and owner of the car, Martin Burkett, gave Romero his license. The passenger gave Romero a false name, but he was later identified as Damian Brown. While Romero spoke to the men, he saw a firearm on the passenger side floorboard of the car, behind Brown's legs. He asked the men if there were any weapons in the car, and they both answered that there were none. Romero then saw Brown slide his foot backwards, sliding the gun underneath the passenger seat.

¶3. Romero radioed for additional units to be dispatched and walked around to the passenger side of the car. He opened the door, asked Brown to step out of the car, and informed the men that he saw a gun in the car. Brown stepped out of the car. When he did so, Romero saw two bags containing a white powdery substance in the passenger seat. Romero asked Brown where the gun was located, and Brown responded, "Right there." Before Romero had the opportunity to pat Brown down, Brown ran. Romero pursued Brown and apprehended him.

¶4.     When the additional officers arrived back at the Toyota Camry, Burkett was still sitting in the driver's seat. One of the officers took a Glock 30 handgun from underneath the passenger seat. He also removed two bags of white powdery substances, an aluminum foil packet with two tablets, and a small bag containing nine multicolored tablets. The powdery substance was 2.11 grams of cocaine, and the tablets in the aluminum foil and one other partial tablet tested positive for oxycodone. The gun, cocaine, and tablets were all found on the passenger side of the car.

¶5.     Brown was later charged and convicted of three counts of possession of a controlled substance and one count of felon in possession of a firearm.[1]

## DISCUSSION

¶6.     Brown argues that the trial court abused its discretion by failing to grant his proposed jury instruction that contained a proper statement of the law and encompassed his theory of defense. He further argues that the trial court erred by failing to grant his proposed jury instruction that would have instructed the jury on how to view the circumstantial evidence in his case.

¶7.     "Whether to grant or deny proposed jury instructions is within the sole discretion of the circuit court." *Victory v. State*, 83 So. 3d 370, 373 (Miss. 2012) (citing *Newell v. State*, 49 So. 3d 66, 73 (Miss. 2010)). Thus, the grant or denial of jury instructions is reviewed for an abuse of discretion. *Id.* "A defendant is entitled to have jury instructions given which present his theory of the case; however, . . . the court may refuse an instruction which

---

[1] In 2012, Brown was convicted of grand larceny and possession of a controlled substance.

3

incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence." *Valentine v. State*, 322 So. 3d 417, 423 (Miss. 2021) (internal quotation marks omitted) (quoting *Victory*, 83 So. 3d at 373). "In determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole. . . . There is no error if all instructions taken as a whole fairly, but not necessarily perfectly, announce the applicable rules of law." *Newell*, 49 So. 3d at 73–74 (Miss. 2010) (quoting *Rubenstein v. State*, 941 So. 2d 735, 784–85 (Miss. 2006)).

### I. Whether the trial court abused its discretion by failing to grant proposed jury instruction D-11.

¶8. Brown argues that his proposed jury instruction (D-11) should have been granted. Brown's proposed instruction stated, "[t]he Court instructs the jury that possession requires actual or constructive control, not a mere passing control which occurs from a momentary handling of contraband." When reviewing the grant or denial of jury instructions for abuse of discretion, no one instruction is to be singled out; the Court reviews them as a whole to determine whether an error has occurred. *Victory*, 83 So. 3d at 373. The trial court may refuse a jury instruction that is fairly covered elsewhere in the instructions or is a misstatement of the law. *Id.*

¶9. The trial court granted a jury instruction proffered by the State containing the following language:

> The Court instructs the Jury that to constitute "Possession" as applied to this case, it is not necessary that the State prove actual physical possession; it is sufficient if the State establishes that the weapon and/or illegal narcotics involved were subject to the Defendant's dominion and control, and that he

4

was aware or reasonably should have been aware, of its presence and character.

¶10. **_Curry v. State_**, 249 So. 2d 414 (Miss. 1971), first explained the law concerning the concept of constructive possession. Constructive possession at its core requires that the contraband be subject to the defendant's dominion and control. **_Id._** at 416. The Court in **_Curry_** stated that

> [T]here must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the [contraband] involved was subject to his dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances.

**_Id._**

¶11. The controlled substances were found in Brown's car seat, and the handgun was found under his car seat. Brown argues that his proposed jury instruction was improperly denied because it was an accurate statement of the law and encompassed his theory of defense in the case. However, Brown's testimony at trial was that he never touched the gun or drugs. The trial court properly noted that if the jury were to accept either Brown's testimony that he never touched the contraband or the State's theory that he was sitting on it or next to it the whole time and knew it was there, there was no momentary handling of the contraband as Brown's proposed jury instruction required. The above-described facts distinguish Brown's case from the ones he cited at trial, which involved momentary handling of contraband. *See* **_Berry v. State_**, 652 So. 2d 745, 751 (Miss. 1995); **_Lewis v. State_**, 17 So. 3d 618, 621 (Miss. Ct. App. 2009).

5

¶12. The State's jury instruction, which was granted by the trial court before considering and denying Brown's proposed instruction, D-11, fairly covered the law and was a better and more complete statement of the law.

> **II. Whether the trial court erred by failing to grant proposed jury instruction D-12, a circumstantial evidence jury instruction.**

¶13. Before its decision in *Nevels v. State*, 325 So. 3d 627 (Miss. 2021), Mississippi allowed a circumstantial evidence jury instruction when the prosecution could produce neither eyewitnesses or a confession to the offense charged. *Stringfellow v. State*, 595 So. 2d 1320, 1322 (Miss. 1992), *overruled by Nevels*, 325 So. 3d 627. The Mississippi Supreme Court joined a large majority of courts and overruled the cases that previously had entitled defendants to a circumstantial evidence jury instruction. *Nevels*, 325 So. 3d at 634. Based on the Court's ruling in *Nevels*, Brown was not entitled to a circumstantial evidence jury instruction.

## CONCLUSION

¶14. We find that the jury instructions given fairly and accurately announced the law of the case concerning constructive possession. The trial court did not abuse its discretion by denying Brown's proposed jury instruction D-11 as it had already been fairly covered elsewhere in the instructions by the State's jury instruction S-5, a more complete and accurate statement of the law. Further, Brown was not entitled to a circumstantial evidence jury instruction based on *Nevels v. State*. We affirm the judgment of the Harrison County Circuit Court.

¶15.	**AFFIRMED.**

     **RANDOLPH, C.J., KITCHENS AND KING, P.JJ., MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**